BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H.T. HIMEL #66194
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2760
Facsimile: (916) 554-2900

Attorneys for Defendant, U.S. Department of Justice

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WARDLAW, FEINSTEIN FOR SENATE COMMITTEE, AND FUND FOR THE MAJORITY COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | 2:13-CV-379-TLN-DAD<br><br>**STIPULATION AND ORDER SETTLING ACTION** |

William Wardlaw, the Feinstein for Senate Committee, and the Fund for the Majority Committee, plaintiffs, and the U.S. Department of Justice ("DOJ"), defendant, make this stipulation and order as this action's final disposition. They recite as follows:

1. This is a settlement of a disputed claim. By entering into this settlement, neither side concedes the merit of the other side's position.

2. Jurisdiction in this action is invoked under the formal jurisdictional grant in 28 U.S.C. § 1331 (federal question) and the limited sovereign immunity waiver in the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Venue is laid in the Eastern District of California under 28 U.S.C. § 1391(b)(2).

3. The United States filed a criminal complaint in the United States District Court for the Eastern District of California against Kinde Durkee ("Durkee") on September 6, 2011. An

Information was subsequently filed in *United States v. Durkee,* Number 2:12-cr-123-KJM, on March 27, 2012. That Information charged Durkee with five counts of mail fraud in violation of 18 U.S.C. § 1341. Durkee pled guilty to the Information on March 30, 2012. She was sentenced to 97 months in custody on November 28, 2012, and judgment was entered on December 7, 2012.

4. On September 23, 2011, the plaintiffs in this action filed Case No. SC114232 (the *"Wardlaw* Proceeding") in the Superior Court of California, County of Los Angeles, against First California Bank, Durkee and Associates LLC, Durkee, John Forgy, and Matthew Lemcke. The complaint alleges fraud and deceit, conversion, breach of contract, breach of implied covenant of good faith and fair dealing, aiding and abetting fraud, aiding and abetting conversion, and unlawful, fraudulent and unfair business acts and practices.

5. First California Bank filed an interpleader action, *First California Bank v. 68th A.D. Democratic PAC,* Case No. BC470182 (the "Interpleader Action") in the same court.

6. On April 2, 2012, the Superior Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") in the *Wardlaw* Proceeding and the Interpleader Action. The Protective Order sets up procedures to protect information that a "Producing Party" claims to be confidential by privilege or otherwise. A copy of the Protective Order is in this Court's records as Clerk's Record ("CR") number 1, ECF pages 66-80.

7. The Privacy Act of 1977, 5 U.S.C. § 552a, covers information in records of a federal agency that is retrieved on the name or other personal identifier of an individual, and protects that information from disclosure by the federal agency. Here, the United States Attorney, a component of defendant DOJ, maintains a criminal prosecution file for *United States v. Durkee* that is retrieved on Durkee's name, triggering Privacy Act protection for information associated with that file. The Federal Bureau of Investigation ("FBI"), a component of defendant DOJ, maintains a criminal investigation file that is retrieved on one or more individuals' names, including Durkee's, triggering Privacy Act protection for information associated with that file.

8. Plaintiffs have attempted, without success, to obtain contents of computers/servers of Durkee and Associates LLC from Durkee and other parties to the Wardlaw Proceeding and

the Interpleader Action through civil discovery, and have attempted, without success, to obtain Durkee's written permission under 5 U.S.C. § 552a(b) for defendant DOJ to disclose contents of computers/servers of Durkee and Associates LLC in the custody of the FBI.

9. In this action under the APA, plaintiffs' objective is to obtain a copy of the contents of computers/servers of Durkee and Associates LLC in the custody of the FBI. Should disclosure with protection of individuals' privacy interests require resources or effort beyond the effort needed to reproduce the information, plaintiffs intend to provide those resources and efforts.

10. Defendant's objective in this action is to ensure (1) that it does not violate the Privacy Act, (2) that any disclosure by it of Privacy Act-protected records is done pursuant to the order of a court of competent jurisdiction within the meaning of 5 U.S.C. § 552a(b)(11), (3) that defendant expends no resources beyond the effort needed to reproduce the information onto plaintiffs' media, and (4) that it have no involvement in the *Wardlaw* Proceeding or the Interpleader Action.

11. On April 25, 2012, plaintiffs obtained a Superior Court deposition subpoena in the *Wardlaw* Proceeding, directed to the United States Attorney, seeking production of electronically stored information of Durkee and Associates LLC. On June 7, 2012, the same parties obtained a Superior Court deposition subpoena in the Interpleader Action, directed to the United States Attorney, seeking production of the same information.

12. The United States Attorney's Office treated the subpoenas as a request made under defendant's "*Touhy* regulation," found at 28 C.F.R. Part 16, promulgated under *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). The United States Attorney's Office denied the request under 28 C.F.R. § 16.24(b) after concluding that, without the individual's written permission or an order of a court of competent jurisdiction, disclosure to plaintiffs would violate the Privacy Act.

13. The parties also considered the following legal background: The April 2012 and June 2012 California subpoenas directed to the United States Attorney are state-court actions against the United States under *Dugan v. Rank,* 372 U.S. 609, 620 (1963) and *Civiletti v.*

*Municipal Court,* 116 Cal. App. 3d 105, 109 (1981), because any order enforcing them would compel the federal government to act or would interfere with the public administration. "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). An attempt to enforce California subpoenas against a federal officer "founders like the Titanic on the hard rock of sovereign immunity." *Civiletti,* 116 Cal. App. 3d at 109 (quashing a testimonial subpoena and subpoena duces tecum against a federal officer). Thus, federal sovereign immunity jurisdictionally disables the Superior Court from enforcing those subpoenas against defendant.

14. The parties, however, also recognize that the APA provides for judicial review in federal court of federal agency refusals to disclose information requested under the *Touhy* regulations. *Mak v. FBI,* 252 F.3d 1089, 1092 n.5 (9th Cir. 2001). A federal court's order in such an action can be an order of a court of competent jurisdiction under 5 U.S.C. § 552a(b)(11), and thus can satisfy the Privacy Act to allow disclosure.

15. By letter dated March 11, 2013, from Justin T. Berger to Durkee at her place of imprisonment, FMC Lexington, KY, plaintiffs sent Durkee a copy of the complaint in this action and invited her to attempt, within two weeks of the letter's date, to intervene to object to production of the contents of computers/servers of Durkee and Associates LLC in the custody of the FBI.

16. By letter dated March 23, 2013, from Durkee and her spouse John G. Forgy Jr. to Justin T. Berger, Durkee stated a desire to object to the disclosure of alleged attorney-client communications as part of the contents of computers/servers of Durkee and Associates LLC. That desire has not resulted in any filing in this Court.

17. Durkee is the person with knowledge of the identities of the attorneys with whom individuals in Durkee and Associates were allegedly communicating, and other knowledge relevant to identifying and segregating the alleged attorney-client communications.

18. United States Attorney Benjamin B. Wagner, acting under 28 C.F.R. § 16.24, has approved the disclosure of the contents of computers/servers of Durkee and Associates LLC

in the custody of the FBI, if the Court approves this stipulation.

Therefore the parties hereby stipulate, subject to the approval of the Court as provided for hereon, as follows:

1. Defendant may disclose to plaintiffs any and all contents of computers/servers of Durkee and Associates LLC in the custody of the FBI.

2. Plaintiffs are to supply their own appropriate digital media to store that information.

3. Defendant DOJ shall not have the rights or the burdens of a Producing Party under Protective Order ¶ 1.b., found in CR 1 at 68.

4. Plaintiffs must treat Durkee or other appropriate parties to the *Wardlaw* Proceeding or the Interpleader Action, and must not treat DOJ, as the "Producing Party" within the meaning of the Protective Order.

5. Plaintiffs must seek any needed agreements of parties or rulings of the Superior Court to treat Durkee or other appropriate parties to the Wardlaw Proceeding or the Interpleader Action, and not to treat DOJ, as the "Producing Party."

6. This action is to be dismissed with prejudice upon notice filed by either side that contents of computers/servers of Durkee and Associates LLC in the custody of the FBI have been disclosed to plaintiffs.

7. Each party must bear its own costs and attorney's fees in this action.

Dated: April 17, 2013     COTCHETT, PITRE & McCARTHY, LLP

 */s/ Justin T. Berger* (as authorized on 4/17/13)
JUSTIN T. BERGER
Attorneys for Plaintiffs

Dated: April 11, 2013     BENJAMIN B. WAGNER
United States Attorney

 */s/ YHimel*
YOSHINORI H. T. HIMEL
Assistant United States Attorney
Attorneys for Defendant

## ORDER

It is APPROVED and SO ORDERED.

Dated: April 19, 2013

_____
Troy L. Nunley
United States District Judge